Johnson, J.
delivered the opinion of the Court.
The first ground of this motion was disposed of in the cases of Pickett v. Cloud, and Neil v. Tillman, decided in January last ;(a) and the case itself seems to have been a branch of the *539 same speculation. The payment of, a part of the purchase money, at, or after, the contract, did not operate to invest the plaintiff with a properly ip the cotton; and the rights of the defendants, to have the whole purchase money paid, before tln-y parted with the possession, left them at liberty to consider the contract at an end, when the plaintiff failed to comply with ins part of the agreement. They were bound however to refund the money which they received; and the Court are also of opinion, that William Cheves was jointly liable for the amount, alta nigh it was received by James Cheves alone. The contract to deliver the cotton is understood to have been joint, and so of the promise to pay the defendants the price. Payment to one was, therefore, good as a payment to both ; aud of consequence' there is a joint liability. On this ground, therefore, the motion is granted.
Colcock, J. and Evans, J. concurred.
Motion granted.

 The ease of Pickett v. Cloud is reported at page 362, ante. That of Neil v. Tillman, is as follows.
John Neil v. Middleton M- Tillman and David M. Tillman.
This was an action for breach of covenant, tried before Mr. Justice Burer, at Fairfield, Fall Term, 1830. The defendants covenanted to deliver fonrieen bales of cotton to the plaintiff, at Kingsbevry’s ferry, on the ( atawba, on the 1st February; the plaintiff to pay for them on delivery at 124- cents per pound. The plaintiff proved a demand of the cotton, and a tender of the price to the defendants, on the 19th February; and that they did not have the cotton at Kingsberry’s ferry on the 1st February. The defendants proved, tha! me time for the delivery.of the cotton had been enlarged, at the plaintiff's request, to the 18th February; and that on the latter day, they attended at the ferry -with the cotton, but that the plaintiff was not there. It appeared that the defendants remained at the ferry only part of the day; and that they then went on to Camden, where the cotton was subsequently sold for 17 cents per pound. The jury, under the charge of the, Court, found for the defendants; and the plaintiff moved for a new trial on various grounds.
This motion was fully argued before the Court of Appeals, in January, 1830.
C. Clarke, for the motion.
Johnston, and Gregg, contra.
Johnson, J. delivered the opinion of the Court.
*539 All the questions arising in this case, were disposed of by the Court in the opinion promulgated during the present term, in tile case of Pickett ». Cloud, except the question as to the admissibility of the evidence of a parol agreement, that the cotton should be delivered on the 18th, instead of the 1st of February, as provided for by the written agreement.
The general rule is certainly very broad, that parol evidence will not be permitted to add to, or vary, the terms of a written contract: but I am unable to see how this objection can avail the plaintiff, even if it had a direct bearing on the case. If the rights of the parties were to be determined according to letter of the written contract, then the plaintiff must fail, because he was not himself at the place, ready to perform his part of the contract; and the same consequence must follow, if the parol agreement is substituted, for he failed to attend at the place and hour appointed by himself. I am well satisfied, however, that in legal strictness, the evidence was properly admitted, not as varying the written contract, or establishing a new and binding contract, but as .i part of the circumstances, going to make up the proof, that the plaintiff was rot ready to pay the money, and perform his part of the written agree, ment, all of which necessarily entered into the defence; and as an excuse for the defendants’ not having the cotton at the landing on the 1st of February. As I understand it, the plaintiff himself requested, that the cotton should not be delivered until the 18th, and gave as a reason, that he would not sooner be able to pay the money. Now to say that he could, by this means, be permitted to intitle himself to an action against the defendant, would be to allow him to avail himself of his own wrong, and profit by an act which was equivalent to a fraud.
Motion refused. B.,